WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Fuciarelli,<br><br>   Plaintiff,<br><br>v.<br><br>Aaron B. Good, et al.,<br><br>   Defendants. | No. CV-14-01078-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant City of Scottsdale's Motion to Dismiss Count Three of Plaintiff's Complaint. (Doc. 30.) For the following reasons, the Motion is denied.

## BACKGROUND

Plaintiff Kevin Fuciarelli alleges that Scottsdale Police Department Officers Aaron B. Good and Edward A. Chrisman restrained him without any reason or provocation and caused him severe injury. Defendant City of Scottsdale ("Scottsdale") brings the current Motion, claiming that Fuciarelli failed to provide adequate notice, in his required Notice of Claim ("Notice") under Ariz. Rev. Stat. section 12-821.01(A), of the facts needed to support a negligence claim for failure to use reasonable care in hiring, training, and supervising Defendants Good and Chrisman. Fuciarelli, in his Response, contends that the current Motion should be considered a motion for summary judgment instead of a motion to dismiss, that his Notice was sufficient, and that Scottsdale waived its right to

raise the issue of an insufficient Notice.[1]

## DISCUSSION

**I.     Form of the Motion**

Fuciarreli first claims that the current Motion should have been brought as a motion for summary judgment and not as a motion to dismiss. The few Arizona courts that have addressed this issue support Fuciarelli's contention that a Notice of Claim "is a document outside the pleadings," which should be addressed in a motion for summary judgment. *Jones v. Cochise Cnty.*, 218 Ariz. 372, 375, 187 P.3d 97, 100 (Ct. App. 2008) ("The trial court granted the motion, properly regarding it as a motion for summary judgment pursuant to Rule 56(c), Ariz. R. Civ. P."); *Vasquez v. State*, 220 Ariz. 304, 308, 206 P.3d 753, 757 (Ct. App. 2008) ("Because the court considered 'matters outside the pleading,' it should have treated the motion as one for summary judgment."). To convert a motion to dismiss to one for summary judgment, the "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, the parties here have already briefed the relevant issue and have no need to provide further factual support because all facts relevant to the current Motion are undisputed and contained in the Notice. Thus, the Court will simply treat the current motion as one for summary judgment.

**II.    Legal Standard**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Because there are no disputes as to any material facts regarding the Notice, the sole issue to be decided is whether the Notice was sufficient as a matter of law under Ariz. Rev. Stat. section 12-821.01(A).

---

[1] Because, as discussed below, Fuciarelli's Notice was adequate under the statute, the issue of whether Scottsdale waived this defense becomes moot and is not addressed in this Order.

### III.     Analysis

Section 12-821.01(A) states that a plaintiff bringing a claim against a public entity or public employee must provide a Notice, which "shall contain facts sufficient to permit the public entity or public employee to understand the basis on which liability is claimed." Arizona courts have held that plaintiffs who do not strictly comply with section 12-821.01(A) are barred from bringing suit. *Salerno v. Espinoza*, 210 Ariz. 586, 588, 115 P.3d 626, 628 (Ct. App. 2005); *Harris v. Cochise Health Sys.*, 215 Ariz. 344, 351, 160 P.3d 223, 230 (Ct. App. 2007). However, the Arizona Supreme Court has held that (1) section 12-821.01(A) "does not require a claimant to provide an exhaustive list of facts" and (2) "courts should not scrutinize the claimant's description of facts to determine the 'sufficiency' of the factual disclosure." *Backus v. State*, 220 Ariz. 101, 107, 203 P.3d 499, 505 (2009).[2] Other courts have held that the factual showing required in the Notice is minimal and that a plaintiff's failure to state a specific theory of liability will not bar the claim so long as the facts in the Notice allow the public entity to anticipate the claim. *See Yollin v. City of Glendale*, 219 Ariz. 24, 32, 191 P.3d 1040, 1048 (Ct. App. 2008) ("The claim statute anticipates that government entities will investigate claims, and the supporting facts requirement is intended to be a relatively light burden on claimants, just enough to facilitate the government's investigation."); *Mitchell v. City of Flagstaff*, No. CV 11-8140-PCT-FJM, 2011 WL 5826014, at *3 (D. Ariz. Nov. 18, 2011) ("Although a notice of claim must apprise the public entity of the basis of liability, it need not satisfy the pleading standards of *Twombly* and *Iqbal*.")

---

[2] The court in *Backus* held this in relation to another portion of 12-821.01(A), which requires a plaintiff to state in the Notice the specific amount of damages that it claims and also requires, similar to the factual burden at issue here, "facts supporting that amount." Other courts have considered this factual burden for the amount of damages under section 12-821.01(A) to be sufficiently analogous to the factual burden for a plaintiff's claims in section 12-821.01(A) that they have applied the holding in *Backus* to both factual burdens. *See Picht v. Peoria Unified Sch. Dist. No. 11 of Maricopa Cnty.*, 641 F. Supp. 2d 888, 896 (D. Ariz. 2009).

In *Mitchell*, the court held that a plaintiff's Notice sufficiently alerted the City of Flagstaff to a negligent training and supervision claim stemming from the conduct of one of its police officers though the notice of claim did not separately identify negligent training and/or supervision by the city. *Mitchell*, 2011 WL 5826014 at *2-3. The Notice identified the officer as belonging to the city police department and provided specific details of the officer's "actions and movements from the moment that he arrived at [Mitchell's] apartment." *Id*.

Similar to the city in *Mitchell*, in the present case, Scottsdale contends that Fuciarelli has provided no facts in his Notice from which it could have anticipated a direct claim for negligence—as opposed to a vicarious liability claim—based on failure to use reasonable care in hiring, training, and supervising Defendants Good and Chrisman. However, as with the Notice in *Mitchell*, the Notice here identifies Officers Good and Chrisman as officers of the Scottsdale Police Department and provides a detailed account of their interactions with Fuciarelli. (Doc. 30, Ex. 1.)  For example, the Notice states that Officers Good and Chrisman held Fuciarelli and his father under "investigative detention" without any reason and that, after this, "[s]uddenly, without provocation or warning, Officer Good grabbed [Fuciarelli] from behind, placed him in a chokehold, threw Claimant to the ground, and handcuffed him." (*Id*.) The Notice also states that Officer Chrisman assisted in restraining Fuciarelli and in taking him down. (*Id*.) Further, the Notice states that neither Officer Good nor Officer Chrisman assisted Fuciarelli despite him "complaining that he was injured," and that he was only given medical assistance with the arrival of a third officer. (*Id*.) Just as the Notice in *Mitchell* made the city aware of a negligence claim, Fuciarelli's Notice was "sufficient to place the City on alert that its training or supervision" of the officers involved "might have been negligent." *Mitchell*, 2011 WL 5826014 at *3. Fuciarelli's failure to specifically state his theory of liability as one of negligence in the Notice does not alter this conclusion.

**CONCLUSION**

Fuciarelli's Notice was sufficient to alert Scottsdale to a potential negligence claim for failure to use reasonable care in hiring, training, and supervising Defendants Good and Chrisman.

**IT IS THEREFORE ORDERED** that Defendant City of Scottsdale's Motion to Dismiss Count Three of Plaintiff's Complaint (Doc. 30) is **DENIED**.

Dated this 27th day of January, 2015.

_____
Honorable G. Murray Snow
United States District Judge